# Hess *v.* McAleer, Admr., Appellant.

*Master and servant—Compensation for domestic services—Receipt in full—Executors and administrators—Decedents' estates—Case for jury.*

1. In an action by a woman against an administrator to recover compensation for domestic services rendered to decedent, where defendant offers in evidence a receipt for $32 "in full" and plaintiff testifies that the receipt was merely in payment for services ren-

dered during four weeks immediately preceding decedent's death, the case is for the jury.

*Master and servant—Domestic services—Periodic payments—Presumption—Rebuttal—Engagement of parties to marry.*

2. Where an employer and his domestic servant become engaged to be married, the presumption, on the death of the former, of regular weekly, biweekly, or monthly payments of wages, in accordance with the custom of the locality, is rebutted during the period of engagement and of the intimacy between them which led up to the engagement.

3. If the engagement had been broken off before the master's death, it seems the presumption of payment would arise again.

4. Where, in such case, the domestic sues the administrator of her employer for wages, and it appears that at the time of decedent's death, and for a few months prior thereto, he and plaintiff were engaged to be married, an instruction to the effect that the presumption of periodical payments was rebutted, is erroneous, where it is not limited to the period of engagement and intimacy, and the jury is given to understand that it covered the entire period of six years prior to decedent's death.

Argued May 25, 1920. Appeal, No. 258, Jan. T., 1920, by defendant, from judgment of C. P. Lancaster Co., April T., 1919, No. 73, on verdict for plaintiff, in case of Anna Hess v. John F. McAleer, administrator of Harry C. McAleer. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Reversed.

Assumpsit for wages for domestic services. Before HASSLER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $2,570.92. Defendant appealed.

*Errors assigned,* among others, were (5, 6) answers to points, substantially as given in the opinion of the Supreme Court, quoting them.

*John A. Coyle,* for appellant.

*J. Andrew Frantz,* for appellee.

OPINION BY MR. CHIEF JUSTICE BROWN, June 26, 1920 :

The claim of the appellee is for compensation for domestic services rendered to appellant's decedent. The case was for the jury, notwithstanding two receipts relied upon as proofs that she had been fully paid. The first—given to the defendant the day after the funeral of the decedent—is as follows: "Received March 29, 1919, from John F. McAleer, Administrator of Harry C. McAleer, deceased, $32.00 Thirty-two dollars for wages, housekeeping. Paid in full. Mrs. Anna Hess." The contention of the appellee is that the sum of $32 paid to her by the appellant was for services rendered during the four weeks immediately preceding the death of her employer. While this was for the jury, on the testimony submitted by the plaintiff as to the circumstances under which the receipt was given, the proofs offered by the defendant, if credited by the jury, ought to have led them to the conclusion that the receipt barred a recovery. The second—given four days later—may be regarded as out of the case, for the defendant admitted on the trial that it was given to protect the plaintiff "in the possession of" the furniture specified in it.

To rebut the presumption that she had been periodically paid by the decedent, the appellee submitted proofs that he had promised to marry her. From the time of their engagement and of the intimacy between them which led up to it, the presumption of the law is that the appellee had not been paid weekly, biweekly or monthly in accordance with the custom of the locality in which she rendered her services: Schrader v. Beatty, 206 Pa. 184. It does not appear from the testimony how long the appellant and the decedent had sustained intimate relations, nor when they became actually engaged. It does appear, however, that they had been engaged but for a few months before his death. The period during which it is presumed he had not paid the appellee was that of their intimacy as prospective husband and wife, and the jury should have been so instructed, but

they were not.  From what the learned trial judge said to them, they were manifestly led to believe that, the engagement having been established, the presumption of payment had been overcome for the entire period during which the services had been rendered.  Though neither of the parties may have dreamed of marriage a year before decedent's death, under the court's instruction the presumption of nonpayment of wages covered the entire period of six years prior to his death.  That complained of by the fifth assignment of error was, "If he was engaged to marry her it was sufficient to justify you in finding that the presumption to pay was rebutted and then the burden of proving payment was on the defendant."  That the trial judge intended to instruct the jury that the engagement had rebutted the presumption of payment, without regard to the time when it actually took place, clearly appears from the following in his opinion refusing defendant's motions for a new trial and for judgment n. o. v.: "There was no dispute of the fact that the plaintiff and defendant's decedent were engaged to be married.  When that engagement took place did not clearly appear in the testimony, but the fact that they were engaged shows such a relation of intimacy between them as would necessarily involve them in laxity in their business relations towards each other.  It is contended that such laxity only commenced at the time of the engagement.  We do not agree with this contention.  An engagement to marry is generally the result of an intimacy between the parties, such an intimacy as would likely excuse the master from regular payment of wages to the servant, where they were the parties to the engagement.  When this engagement was made, or how long the parties' relations were so intimate as to result in an engagement was not proven, nor was it necessary for the plaintiff to prove it.  Having proved that their relations were such as to result in an engagement, the presumption that regular payments of her wages was made, is rebutted."  From the amount of the

verdict rendered the jury must have understood the instructions to them as the trial judge intended they should understand them.  They should have been told that the presumption of nonpayment of wages started only from such time as they could fairly and reasonably find from the testimony was the beginning of intimate relations between the parties.  If such relations continued up to the time of the decedent's death, as they did, that presumption had not been overcome; if those relations had not so continued, the presumption would have ceased.

The fifth and sixth assignments of error are sustained and the judgment is reversed with a venire facias de novo.