## Rohrbach v. Ross et al., Admrs., Appellants.

*Decedents' estates—Claim for wages—Presumption of payment—Domestic service—Different kind of services rendered deceased.*

The presumption that domestic services are regularly paid does not apply in a claim against the decedent's estate where the claimant, in addition to her domestic duties, acted as housekeeper, clerk and collector for the decedent. Under such circumstances the case

is for the jury to determine whether or not the claimant was entitled to further compensation for the services which she rendered.

Argued October 27, 1920. Appeal, No. 166, Oct. T., 1920, by defendants, from judgment of C. P. Northumberland County, May T., 1918, No. 287, on verdict for plaintiff in the case of Elmira Rohrbach v. Ambrose Ross, Charles E. Ross and Mary E. Dormer, administrators of Alexander Ross, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Assumpsit for services rendered decedent. Before CUMMINGS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $1,100 and judgment thereon. Defendants appealed.

*Errors assigned* were the charge of the court, answers to points that there was a presumption of payment for the services rendered by the plaintiff, and refusal to direct a verdict for the defendants.

*J. A. Welsh,* and with him *S. L. Gribbin,* for appellants.—Wages for domestic services are presumed to be regularly paid, and the evidence to overthrow this presumption must be supported by affirmative proof: Carpenter v. Hays, 153 Pa. 432; Hughes Est., 176 Pa. 387; Taylor v. Beatty, 202 Pa. 120; Winings v. Hearst, 17 Pa. Superior Ct. 314; Haye's Est., 17 Pa. Superior Ct. 412; Winfield v. Beaver Trust Co., 229 Pa. 530.

The evidence of the plaintiff was not sufficient to take the case to the jury: Gregory Exrs. v. Com., 121 Pa. 611; Porter v. Nelson, 121 Pa. 628; Runner's App., 121 Pa. 649; Devereux's Est., 184 Pa. 429; Flaccus v. Wood, 260 Pa. 161.

Albert Lloyd, for appellee.—The question was for the jury: Wertz v. Williamsport, 67 Pa. Superior Ct. 156; Schrader, Appellant, v. Beatty, 19 Pa. Superior Ct. 212; Ranninger's App., 118 Pa. 29; Schrader v. Beatty, 206 Pa. 184; Davies's Est., 60 Pa. Superior Ct. 360; Hewitt v. Democratic Pub. Co., 260 Pa. 61.

OPINION BY ORLADY, P. J., March 5, 1921:

Elmira Rohrbach brought an action in assumpsit against the administrators of the estate of Alexander Ross, deceased, to recover twenty-eight hundred and eighty dollars for services rendered by her to him for a period of six years prior to his death. The defense was based upon the presumption that the plaintiff had been regularly paid as a domestic servant, and this issue was fairly raised and submitted to a jury, which returned a verdict in her favor for eleven hundred dollars. The assignment of error relied on is that, under all the evidence in the case, the verdict should have been for the defendant, which, with certain excerpts taken from the charge, may well be considered together, as they were at the argument of the case.

A careful review of the record satisfies us that this appeal is without merit. The relation between the parties was quite different from that of an ordinary master and servant. The plaintiff entered the employ of the deceased in 1906 and remained in his service until his death, July 22, 1917. The decedent was a widower and the owner and proprietor of a hotel and a number of dwelling houses. The business of the hotel and his transactions with his tenants were conducted through the hotel office. The character of service for which the plaintiff was employed is not clearly shown, but during her stay in the hotel she discharged the duties, not only of a domestic, but as well the general management of the hotel and acted as housekeeper, clerk and bookkeeper. She collected and receipted for rents, made deposits of his money in bank; attended and served at the bar in the

hotel; had access to the moneydrawer and transacted certain of his duties for lodges of which he was secretary; rendered him nursing services during periods of personal illness. That they were personally intimate, and exhibited themselves as friends is clearly shown by the undisputed testimony, as they were frequently together on the public streets of the borough, at church, on automobile rides and trolley cars, and in the public parks in the vicinity. It is not urged that there was any improper relation between them, and it is manifest that there was a mutual regard for and confidence in each other. She was consulted about his business affairs, and as said by Judge W. W. PORTER, in Schrader v. Beatty, 19 Pa. Superior Ct. 212, "It seems apparent that the relation of the plaintiff to the decedent was not that of a mere domestic, while she performed household duties in part, she did far more than those and assumed responsibilities beyond those incident to such a position."

It was clearly a case for disposition by a jury, and it was fairly, fully and clearly submitted to that tribunal which was instructed, "the fact that the plaintiff is a woman should not move you one way or the other; or the fact that it is the Ross Estate and the children should not move you one way or the other. Cast sympathy entirely outside and pass upon this case upon the testimony, and the testimony alone, and having done so, render a verdict which you believe is warranted by the testimony."

The legal presumption that the plaintiff was regularly paid during the lifetime of the decedent had no application to the present case, not only because of the relations of intimacy assumed by the decedent toward the claimant, but because the uncontradicted testimony shows that the services performed by the claimant were far beyond and outside of the range of domestic services,—as held in Davies' Estate, 60 Pa. Superior Ct. 360, where this question is clearly reviewed.

The disputed question of fact could not be decided as a matter of law, and the question of payment rested entirely upon inferences to be drawn from circumstances, the proof of these depended on oral evidence, and under the facts the burden of proving payment was on the appellant. Shenk's Estate, 59 Pa. Superior Ct. 467.

The controlling rule in such cases is stated in Schrader v. Beatty, 206 Pa. 184: "This rule is for the protection of a master and his estate, and is never relaxed when the relation between him and his employee are those purely of master and servant; but when he establishes and maintains new and different relations to his servant during the continuance of the service, he, himself takes the case out of the rule.

The assignments are overruled and the judgment is affirmed.